## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CHARLES SCHWAB & CO INC.**                    **CIVIL ACTION**

**VERSUS**                                      **CASE NO. 19-13099**

**GIROD LOANCO, LLC, ET AL.**                   **SECTION: "G"(4)**

## ORDER AND REASONS

This civil action was initiated by Charles Schwab & Co., Inc. ("Schwab") to resolve competing claims by Girod LoanCo LLC ("Girod") and Regina Heisler ("Heisler") to the proceeds of a Schwab brokerage account (the "Funds").[1] After the Civil District Court for the Parish of Orleans granted summary judgment in favor of Girod and entered a "Final Judgment" directing the Clerk of Court for the Civil District Court for the Parish of Orleans to pay all sums remaining in the CDC Registry to Girod,[2] Heisler removed the action to this Court,  alleging federal jurisdiction because this civil action is "related to" a pending bankruptcy action in the United States Bankruptcy Court for the Eastern District of Louisiana.[3] For the reasons set forth herein, the Court finds it prudent to permissively abstain pursuant to 28 U.S.C. § 1334(c)(1) and remand this action to state court based on equitable considerations pursuant to 28 U.S.C. § 1452(b).

## I. Background

Schwab initiated this action to resolve competing claims by Girod and Heisler to the proceeds of a Schwab brokerage account.[4] Heisler held the Schwab brokerage account in her

---

[1] Rec. Doc. 1-1 at 2–3.

[2] Rec. Doc. 14-4.

[3] Rec. Doc. 1.

[4] Rec. Doc. 1-1 at 2–3.

name.[5] However, pursuant to the terms of a Pledged Asset Account Agreement, Heisler granted a security interest in the brokerage account to serve as collateral to secure a promissory note, payable to First NBC Bank.[6] The promissory note was then modified and amended by an Allonge dated November 13, 2017, by the Federal Deposit Insurance Corporation, as Receiver for First NBC Bank, to reflect it is payable to Girod.[7]

After both Girod and Heisler made a demand on Schwab for the Funds in the brokerage account, Schwab liquidated the account and filed an interpleader action in the United States District Court for the Eastern District of Louisiana.[8] This Court authorized Schwab to deposit the cash portion of the Account into the Court's registry.[9] However, after filing the case in federal court, Schwab was advised that diversity jurisdiction did not exist and therefore, filed a Motion to Dismiss Without Prejudice in order to file a concursus proceeding in the Civil District Court for the Parish of Orleans.[10] On May 10, 2018, this Court granted the Motion to Dismiss and authorized the Clerk of Court to transfer the funds to the Civil District Court upon the filing of this concursus proceeding.[11] Schwab requested that the funds be deposited into the registry of the state court (the "CDC Registry") upon the filing of the concursus action.[12]

After Schwab was dismissed from the state court action, Girod and Heisler litigated the issue

---

[5] *Id*. at 1.

[6] *Id*. at 2.

[7] *Id*.

[8] *Id*. at 3. *See also* Case No. 18-2522 Rec. Doc. 1.

[9] Rec. Doc. 1-1 at 3. *See also* Case No. 18-2522 Rec. Doc. 6.

[10] Rec. Doc. 1-1 at 3. *See also* Case No. 18-2522 Rec. Doc. 10.

[11] Rec. Doc. 1-1 at 3. *See also* Case No. 18-2522 Rec. Doc. 13.

[12] Rec. Doc. 1-1 at 4.

of which party had the superior claim to the Funds. On September 5, 2019, the Civil District Court for the Parish of Orleans granted summary judgment in favor of Girod and entered a "Final Judgment."[13] The state court determined that Girod had the superior claim to the Funds.[14] As such, the state court ordered the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana to pay all sums remaining in the CDC Registry to Girod.[15] Lastly, the state court ordered "that this judgment [is] a final judgment which adjudicates all outstanding issues in this concursus proceeding."[16]

On October 11, 2019, Heisler removed this action to this Court.[17] Heisler alleges federal jurisdiction because this civil action is "related to" a pending bankruptcy action in the United States Bankruptcy Court for the Eastern District of Louisiana.[18] Additionally, Heisler alleges that "[t]he State-Court action became removable pursuant to 28 U.S.C. § 1446(b)(3) on October 9, 2019, when the Louisiana Supreme Court Denied a STAY sought against Girod LoanCo, a vulture-fund entity continuing to engage in fraud in the state of Louisiana."[19]

---

[13] Rec. Doc. 14-4.

[14] *Id*. at 2 ("After considering the Motion for Summary Judgment with its Exhibits and Memorandum in Support, the Opposition with its Exhibits, the entire record in this matter, the evidence submitted to the Court, argument of counsel, and the applicable law, the Court is of the opinion that the evidence and the law are in favor of Girod LoanCo, LLC; that Girod LoanCo, LLC has the superior claim to the funds deposited in the Registry of the Court for this concursus; that there are no genuine issues of material fact remaining; and that Girod LoanCo, LLC is entitled to summary judgment as a matter of law on its claim to the funds deposited in the Registry of the Court for this concursus proceeding.").

[15] *Id*. at 3 ("**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana is hereby ordered and directed to pay all sums remaining in the Registry of the Court for this concursus proceeding to Girod LoanCo, LLC.")

[16] *Id*.

[17] Rec. Doc. 1.

[18] *Id*. at 1.

[19] *Id*.

3

On October 5, 2019, Girod filed a "Motion to Enforce Judgment."[20] The motion was set for submission on November 20, 2019. Pursuant to Local Rule 7.5, "[e]ach party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." Therefore, any opposition memorandum by Heisler was due on November 12, 2019. Heisler has not filed any opposition, timely or otherwise.

Nevertheless, Heisler has filed multiple other motions and pleadings in an attempt to further convolute this case. Despite being the party that removed this case from state court, Heisler has repeatedly argued that the Court does not have jurisdiction in various subsequent filings.[21] On December 3, 2019, Heisler filed a "Motion to Strike Girod LoanCo's Pleadings for Failure to Identify its Ownership and to Dismiss Girod LoanCo's Claims for Lack of Subject Matter Jurisdiction," arguing that Girod does not have Article III standing to file pleadings in this Court or in any state court in Louisiana.[22] On February 7, 2020, Heisler filed a "Motion to Dismiss on Abstention Principles," arguing that the Court should abstain from considering the issues presented in this case under the *Colorado River* doctrine because related legal issues are currently being considered by the Louisiana Fourth Circuit Court of Appeal in another civil action involving these parties.[23]

On May 28, 2020, Heisler filed a Petition for Writ of Mandamus in the Civil District Court for the Parish of Orleans, naming the Clerk of that Court as the sole defendant.[24] In the mandamus action, Heisler is seeking a court order directing the Clerk of Court for the Orleans Parish Civil

---

[20] Rec. Doc. 34.

[21] Rec. Docs. 16, 22.

[22] Rec. Docs. 16, 16-1.

[23] Rec. Docs. 22, 22-1.

[24] Rec. Doc. 29-2.

District Court to pay the funds in the state court registry to Heisler.[25]

On June 5, 2020, Girod filed a motion requesting a status conference to address issues arising from the mandamus action instituted by Heisler in the Civil District Court for the Parish of Orleans, State of Louisiana.[26] That same day, the Court issued an order setting a status conference for June 8, 2020.[27] During the status conference, issues regarding jurisdiction were made apparent. Although no motion to remand has been filed, this Court finds it appropriate to remand this action to state court *sua sponte* for the reasons set forth below.[28]

## II. Law and Analysis

### A.   *"Related To" Bankruptcy Jurisdiction*

This matter solely involves questions of state law. Schwab initiated this action to resolve competing claims by Girod and Heisler to the proceeds of a Schwab brokerage account.[29] In the notice of removal, Heisler alleges that the Court has subject matter jurisdiction over the dispute because this civil action is "related to" a pending bankruptcy action in the United States Bankruptcy Court for the Eastern District of Louisiana.[30] Specifically, Heisler asserts that this action is "related to" a Chapter 11 bankruptcy proceeding, *In re Cella III*,[31] and a related adversary

---

[25] *Id.*

[26] Rec. Doc. 29.

[27] Rec. Doc. 31.

[28] "[E]quitable remand may be raised *sua sponte* by a court notwithstanding the absence of a motion to remand by any party." *In re: Various Removed State Court Actions against inter alia, Johnson & Johnson*, 2019 WL 2497856, at * 3 (S.D.N.Y. June 4, 2019) (quoting *Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 61 (S.D.N.Y. 2011)). *See also Smith v. Wal-Mart Stores, Inc.*, 305 F.Supp.2d 652, 658 n. 9 (S.D. Miss. 2003)) ("Although mandatory abstention requires that a timely motion be made by a party, *see* 28 U.S.C. § 1334(c)(2), permissive or discretionary abstention under § 1334(c)(1) may be raised by the court *sua sponte*, *Matter of Gober*, 100 F.3d 1195, 1207 n. 10 (5th Cir. 1996), as may equitable remand under § 1452(b), which imposes no requirement of a motion by a party.").

[29] Rec. Doc. 1-1 at 2–3.

[30] Rec. Doc. 1.

[31] Case No. 19-bk-11528 (Bkrtcy. E.D. La.).

proceeding, *Cella III, LLC v. Girod Loanco, LLC*,[32] because "the issue raised in the removed case regarding the misconduct and fraud perpetrated by Girod LoanCo are exactly the same as set forth in the *Cella* litigation, except that the *Cella* lawsuit has yet to raise the issue of Girod LoanCo being a vulture-fund which is legally non-existent."[33]

28 U.S.C. § 1334(b) confers federal district courts with original and exclusive jurisdiction over "all cases under title 11." Pursuant to Section 1334(b), the district courts have original, but not exclusive, jurisdiction over "all proceedings arising under title 11, or arising in or related to cases under title 11." The Fifth Circuit has explained that in determining whether jurisdiction exists, it is "necessary only to determine whether a matter is at least 'related to' the bankruptcy."[34]

The Fifth Circuit defines "related" to mean "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[35] Additionally, the Court must consider whether the outcome of the case "could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."[36] Thus, for jurisdiction to attach, "the anticipated outcome of the action must both (1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate."[37] "To fall within the court's jurisdiction, the plaintiff's claims must affect the estate, not just the debtor."[38]

---

[32] Case No. 19-ap-1129 (Bkrtcy. E.D. La.).

[33] *Id.*

[34] *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987).

[35] *Id.* (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).

[36] *In re Walker*, 51 F.3d 562, 569 (5th Cir. 1995) (quotation marks and citations omitted).

[37] *In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999).

[38] *In re Wood*, 825 F.2d at 94.

The Supreme Court has made clear that "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate."[39] However, the Supreme Court has further cautioned that a court's "related to" bankruptcy jurisdiction is not "limitless."[40] The Fifth Circuit has clarified that "related to" is a "term of art in bankruptcy jurisdiction, where its meaning is not as broad as it is in ordinary parlance where it means 'having some connection with.'"[41] According to the Fifth Circuit, the "related to" provision includes a causal component, whereby the instant proceeding "must be capable of affecting the bankruptcy estate for it to be 'related to' the bankruptcy."[42]

Because this litigation is between only non-debtor parties asserting state law claims, 28 U.S.C. § 1334(b) requires, at minimum, that this civil matter be "related to" the bankruptcy proceeding.[43] It is not apparent that this matter is related to the bankruptcy proceeding. The debtor in the bankruptcy proceeding, Cella III, is not a party to this litigation. The only purported relationship between this case and the bankruptcy litigation is that the alleged fraud and misconduct of Girod is the same in both actions.[44] In subsequent filings, Girod has stated that it

---

[39] *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995) (quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1984)).

[40] *Id.*

[41] *In re Bass*, 171 F.3d at 1022.

[42] *Id.* at 1022–23.

[43] *See In re Wood*, 825 F.2d at 92–93. *See also In re Zale Corp.*, 62 F.3d 746, 751 (5th Cir. 1995) (noting that a third-party action between noncreditors and nondebtors must be "related to" the bankruptcy case in order for the court to have jurisdiction).

[44] Rec. Doc. 1 at 1.

"acknowledges and consents to this Court's jurisdiction" over this matter.[45] However, a "party may neither consent to nor waive federal subject matter jurisdiction."[46]

Based on the information currently before the Court, it does not appear that this proceeding could conceivably have any effect on Cella III's bankruptcy estate.[47] More specifically, it does not appear that the outcome of this litigation would bind Cella III or determine its rights, liabilities, options, or freedom of action.[48] Additionally, because Cella III is not a party to this action, it does not appear that the debtor would be bound by any finding in this case under the doctrines of res judicata or collateral estoppel, and thus it appears that there would be no conceivable effect on the bankrupt estate.[49]

Nevertheless, the Court need not resolve the issue of "related to" jurisdiction[50] because even assuming "related to" jurisdiction exists, for the reasons explained below, permissive abstention and equitable remand are proper under 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b).

### B.    Permissive Abstention and Equitable Remand

---

[45] Rec. Doc. 14-7 at 3.

[46] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

[47] *See In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999).

[48] *See id.*

[49] *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 995 (3d Cir. 1984). *See also Pinkozie v. Ricks*, 243 F. Supp. 3d 768, 786 (E.D. La. 2017).

[50] *Gulf Fleet Tiger Acquisition, L.L.C. v. Thoma-Sea Ship Builders, L.L.C.*, 282 F.R.D. 146, 159 (E.D. La. 2012) (citing *Walton v. Tower Loan of Miss.*, 338 F.Supp.2d 691, 697 (N.D. Miss. 2004) ("In the court's view, the issue of whether it has 'related to' jurisdiction in this case is largely immaterial, given that discretionary abstention ... [is] appropriate, even assuming that the court has 'related to' jurisdiction.") (internal citation omitted)).

When a court has jurisdiction over a proceeding pursuant to 28 U.S.C. § 1334(b), it may elect to abstain from hearing that proceeding pursuant to 28 U.S.C. § 1334(c)(1), which states:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

"[C]omity requires federal respect for state courts' competency to conduct proceedings and enter judgments."[51] In interpreting whether this standard is met, courts look to the factors that govern mandatory abstention under 28 U.S.C. § 1334(c)(2), and the Court may permissibly abstain from a case where a party is asserting "related to" jurisdiction and some of the requirements for mandatory abstention are met.[52] Pursuant to 28 U.S.C. § 1334(c)(2), the requirements for mandatory abstention are:

> (1) The claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding, i.e., it is related to a case under title 11 but does not arise under or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court.[53]

Additionally, permissive abstention may be appropriate when the plaintiff's claims "hinge solely on questions of state law and invoke no substantive right created by federal bankruptcy

---

[51] *Id.* (internal citations omitted).

[52] *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1206–07 (5th Cir. 1996) ("Nothing [ ] prevents a court from permissively abstaining under [Section] 1334(c)(1) where some, but not all, of the requirements for mandatory abstention are met.").

[53] *Schuster v. Mims (In re Rupp & Bowman Co.),* 109 F.3d 237, 239 (5th Cir. 1997) (citing *Gober*, 100 F.3d at 1206).

9

law."[54] "Permissive abstention under [Section] 1334(c)(1) may be raised by the court *sua sponte*."[55] A district court's decision to permissively abstain is generally not appealable.[56]

This permissive abstention provision is implemented in conjunction with 28 U.S.C. § 1452(b), which provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."[57] 28 U.S.C. § 1334(c) and 28 U.S.C. § 1452(b) are "kindred statutes."[58] Both statutes evince a congressional policy to allow state court trials involving state law to proceed absent countervailing circumstances, at least where Section 1334 is the only basis for federal jurisdiction and the litigation can be timely completed in state court.[59] Thus, the same factors that support abstention also support equitable remand.[60] "Because the statutes are similar in purpose and spirit, circumstances which weigh in favor of

---

[54] *Gober*, 100 F.3d at 1207.

[55] *Id.* at 1206 n. 10 (internal citations omitted).

[56] 28 U.S.C. § 1334(d); *Jackson v. NI Fuel Co. (In re Bristol Res. 1994 Acquisition Ltd. P'ship)*, 333 F.3d 608, 611 (5th Cir. 2003). *See also Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, 796 F.3d 520, 525 (5th Cir. 2015) ("We therefore recognize a limited exception to the nonreviewability provisions of §§ 1334(c)(1) and 1452(b), but only for cases that involve permissive abstention and are related to Chapter 15 bankruptcies.").

[57] 28 U.S.C. § 1452(b). The Fifth Circuit listed eight considerations for equitable remand in *Brown v. Navarro*. 743 F.2d 1069, 1076 n. 21 (5th Cir. 1984). Those factors are: (1) forum non conveniens; (2) if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) whether a state court is better able to respond to questions involving state law; (4) the expertise of a particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and, (8) a lessened possibility of an inconsistent result. *Id.* When the issue is equitable remand and the appropriateness of permissive abstention under § 1334(c)(1), some district and bankruptcy courts cite these eight factors, others cite a list of 14 factors which include the requirements for mandatory abstention, and some cite both sets of factors. *See Regal Row Fina, Inc. v. Washington Mutual Bank*, 2004 WL 2826817, 8–9 (N.D. Tex., Dec. 9, 2004); *In re Ballard*, 2012 WL 4162382 (Bkrtcy. S.D. Tex., Sept. 19, 2012); *Sonnier v. Hesco Bastion USA, LLC*, 2013 WL 5350853 (M.D. La., Sept. 23, 2013); *In re J. Moss Investments, Inc.*, 2012 WL 2150346 Bkrtcy. S.D. Tex., 2012); *In re Trimjoist Corp.*, 2013 WL 3934368 (Bkrtcy. N.D. Miss., July 30, 2013). For the reasons discussed herein, on balance, these factors favor equitable remand and permissive abstention.

[58] *Hills v. Hernandez*, 1998 WL 241518, at *3 (E.D. La. May 12, 1998) (quoting *In re Rodham*, 193 B.R. 971, 976 (N.D. Ala. 1996)).

[59] *Id.*

[60] *Id.* (citing *Massey v. Genco*, 1997 WL 61449, *2 (E.D. La. Feb. 6, 1997)).

discretionary abstention or dictate mandatory abstention under the subsections of section 1334(c),
likewise weigh in favor of or constrain remand under section 1452(b)."[61]

In the instant case, permissive abstention and equitable remand are appropriate. First, there
is no independent basis for jurisdiction other than Section 1334(b), which provides jurisdiction
over proceedings "related to" bankruptcy. Although "related to" jurisdiction has not been clearly
established, no other basis of jurisdiction exists here. In fact, Schwab initially filed an interpleader
action in the United States District Court for the Eastern District of Louisiana on March 9, 2018.[62]
However, after filing the case in federal court, Schwab was advised that diversity jurisdiction did
not exist and therefore, filed a Motion to Dismiss Without Prejudice in order to file a concursus
proceeding in the Civil District Court for the Parish of Orleans.[63] On May 10, 2018, this Court
granted the Motion to Dismiss and authorized the Clerk of Court to transfer the funds to the Civil
District Court upon the filing of this concursus proceeding.[64]

Next, the claims pending here are non-core because they do not arise under or in a case
under Title 11.[65] Moreover and importantly, these claims "hinge solely on questions of state law
and invoke no substantive right created by federal bankruptcy law."[66] Further, there is no reason
to believe that this action could not be adjudicated timely in state court. In fact, a final judgment
was entered in state court before this case was removed.[67] The only relief Girod seeks in this Court

---

[61] *Id.* (quoting *In re Rodham*, 193 B.R. at 976).

[62] Rec. Doc. 1-1 at 3. *See also* Case No. 18-2522 Rec. Doc. 1.

[63] Rec. Doc. 1-1 at 3. *See also* Case No. 18-2522 Rec. Doc. 10.

[64] Rec. Doc. 1-1 at 3. *See also* Case No. 18-2522 Rec. Doc. 13.

[65] *See* 28 U.S.C. § 157(b)(2).

[66] *Gober*, 100 F.3d at 1207.

[67] *See* Rec. Doc. 14-4.

is enforcement of the state court judgment.[68] Specifically, "Girod seeks an Order from this Court directing the Clerk of Court for the CDC to disburse to Girod the $2,054,360.42 that remains in the CDC Registry for this civil action."[69] This matter would be best addressed by the state court, where the funds are currently deposited.

Section 1334(c)(1) specifically states that the district court may abstain "in the interest of comity with State courts or respect for State law." Considering that the claims in this action are governed exclusively by state law and invoke no substantive right created by federal law or federal bankruptcy law, respect for state law and the interest of comity with state courts heavily favor abstention in this case pursuant to Section 1334(c)(1) and equitable remand under Section 1452(b).

To retain this case would cause duplicative and uneconomical use of scarce judicial resources. The state court has expertise in resolving state law issues, and the funds at issue are currently deposited in the state court registry. Additionally, Heisler recently filed another collateral action in state court regarding these same funds. On May 28, 2020, Heisler filed a Petition for Writ of Mandamus in the Civil District Court for the Parish of Orleans, naming the Clerk of that Court as the sole defendant.[70] In the mandamus action, Heisler is seeking a court order directing the Clerk of Court for the Orleans Parish Civil District Court to pay the funds in the state court registry to Heisler.[71] Because the state court has been grappling with this case since 2018, the state court is more likely to reach a consistent resolution. Finally, general comity considerations weigh in favor of permissive abstention and/or equitable remand. Thus, the Court finds that even if this Court has

---

[68] *See* Rec. Doc. 14-1.

[69] *Id.* at 7.

[70] Rec. Doc. 29-2.

[71] *Id.*

jurisdiction under Section 1334(b), permissive abstention and equitable remand are appropriate under the circumstances.

### III. Conclusion

For the reasons discussed above, the Court finds that even if this Court has jurisdiction under 28 U.S.C. § 1334(b), permissive abstention is proper under 28 U.S.C. § 1334(c)(1) and equitable remand is appropriate under 28 U.S.C. § 1452(b). Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this  9th   day of June, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**